UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

| | |
|---|---|
| LEON J. FEINERMAN<br>2941 Green Street<br>Harrisburg, Pennsylvania 17110<br><br>EARL L. HARRIS<br>103 S. 21st Street<br>Harrisburg, Pennsylvania 17104<br><br>CONSTANCE BUXTON<br>1301 N. 6th Street<br>Harrisburg, Pennsylvania 17102<br><br>          Plaintiffs,<br><br>   v.<br><br>ROY A. BERNARDI, in his official capacity as<br>Acting Secretary and Head of the<br>UNITED STATES DEPARTMENT OF<br>HOUSING AND URBAN DEVELOPMENT<br>451 Seventh Street, S.W.<br>Washington, D.C.  20410,<br><br>          Defendant. | Civil Action No. _____ |

# COMPLAINT

Plaintiffs Leon J. Feinerman, Earl L. Harris and Constance Buxton, by and through counsel, bring this action against Defendant Roy A. Bernardi, in his official capacity as Acting Secretary and Head of the United States Department of Housing and Urban Development, and state as follows:

## JURISDICTION

1.      This action seeks review of, and declaratory and injunctive relief from, the decision of a federal agency to debar the Plaintiffs, and is filed pursuant to the Administrative Procedures Act, 5 U.S.C. § 702 *et seq.*, and 28 § U.S.C. 2201 & 2202.

2.	This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 & 1346.

## PARTIES

3.	Plaintiff Leon J. Feinerman is an insurance agent and broker who has served as a member of the Board of Commissioners of the Harrisburg Housing Authority (HHA) since 1983.

4.	Plaintiff Earl L. Harris is a pastor and has served as a member of the HHA Board of Commissioners since 1999.

5.	Plaintiff Constance Buxton is a former resident of HHA housing and served as a member the HHA Board of Commissioners from 1999 to 2007.

6.	Roy A. Bernardi is named as a defendant in his official capacity as Acting Secretary and head of the United States Department of Housing and Urban Development ("HUD").  HUD is a federal agency which, *inter alia*, provides operating subsidies and other assistance to the HHA.  This action arises out of HUD's debarments of each of the Plaintiffs from participation in transactions with the federal government pursuant to its debarment regulations at 24 C.F.R. Part 24.[1]

## FACTS

7.	The Harrisburg Housing Authority (HHA) administers public and assisted housing programs in Harrisburg, Pennsylvania.  HHA is governed by five commissioners who are appointed by the Mayor of Harrisburg with the approval of its City Council.  HHA commissioners serve for terms of five years, may be removed only for cause, and continue

---

[1] On December 27, 2007, HUD published a final rule which relocated and reclassified its debarment regulations from 24 C.F.R. part 24 to 2 C.F.R. part 2424.  72 Fed. Reg. 73484 (December 27, 2007).  Since the debarments at issue arose under and were decided pursuant to the former regulations, they are cited throughout this Complaint.

serving at the end of their terms until they are replaced by new commissioners. HHA commissioners are uncompensated and meet at regular monthly meetings.

8. In 1998, and in order to provide desperately needed financial services to the residents of its housing facilities, HHA became involved in the planning for a community credit union, which later became the Greater Harrisburg Community Credit Union (GHCCU).

9. At the monthly meeting of the HHA Board of Commissioners in October, 1999, HHA's executive director, Dorsey Howard, informed the commissioners that he had set aside $100,000 per year for five years to provide financial support to GHCCU in the plan which HHA submitted to HUD. The HHA Board members understood that the expenditures for the credit union were detailed in that plan when it was approved by HUD.

10. The HHA employee responsible for preparing the five year plan, Jerry Shenck, neglected to include the expenditures for the credit union. He reported his omission of the credit union expenditures from the plan to Mr. Howard, but neither Mr. Howard nor Mr. Shenck informed HHA's commissioners.

12. Of the three Plaintiffs, only Mr. Feinerman was a member of HHA's Board at the time of the October, 1999 meeting. In 2000, and after Reverend Harris and Ms. Buxton were appointed to the Board, HHA began providing funding support for the credit union. Expenditures for GHCCU were periodically approved until the credit union was closed in February, 2006.

13. At each HHA Board meeting during which the GHCCU was discussed and expenditures for it were authorized, HHA's Executive Director, other members of senior management, and HHA's general counsel were in attendance and supportive of the action

3

proposed and taken. HHA's Board was never advised not to provide financial support to GHCCU, and the commissioners were never informed that HUD had not been notified of, and had not authorized, that support.

14.     Thereafter, an audit conducted by HUD's Office of Inspector General (OIG), questioned the funding of GHCCU but acknowledged that the HHA and its board believed that those expenditures were proper. Through the OIG audit, the Plaintiffs learned that HUD had not been notified of, and had not approved, HHA's financial support of the credit union.

15.     In response to the OIG audit, and in order to prevent questionable expenditures in the future, HHA committed to perform a management review and to adopt additional policies and internal controls. HHA's Board of Commissioners, including Mr. Feinerman and Reverend Harris, also voted to create governance and audit committees and caused HHA to agree to a repayment plan so that all operating funds used to support the credit union will eventually be replenished with non-federal funds. All of these corrective actions have been taken with HUD's knowledge and approval, and have been implemented or are ongoing.

16.     By notices dated July 30, 2007, HUD separately notified each of the Plaintiffs that it was proposing their debarments from future participation in transactions with the federal government for three years. The notices charged the Plaintiffs with "allowing large sums of HHA's operating subsidy funds, which it receives annually from HUD for the purpose of developing and operating the HHA, to be used to fund . . . the Greater Harrisburg Community Credit Union (GHCCU) without obtaining HUD's authorization for such expenditures" in violation of the Annual Contributions Contract (ACC) between HUD and HHA.

17.     HUD's notices stated that the proposed debarments were based on acts and

omissions of HHA which established cause for debarment under 24 C.F.R. § 24.800(b) and (d). The notices further stated that HHA's acts and omissions were imputed to the Plaintiffs pursuant to 24 C.F.R. § 24.630(b), because they had "participated in, had knowledge of, or had reason to know of the violations."

18. The three debarment actions were subsequently consolidated. Thereafter, HUD filed its brief and evidence in support of the debarments and the Plaintiffs then filed their opposition to the debarments, along with supporting evidence. Based on that evidence, the Plaintiffs contended that the consolidated debarment action should be dismissed. In the event that it proceeded, however, the Plaintiffs also asserted a right to an adjudicative proceeding before an Administrative Law Judge to disprove the allegations that they had engaged in willful, reckless or other serious wrongdoing and to prove their present responsibility.

19. In response to the Plaintiffs' submission, HUD filed a motion requesting that the consolidated debarment action be referred to a hearing officer for fact-finding. HUD's motion contended that there was a genuine factual dispute about whether the Plaintiffs knew, or had reason to know, that HHA's expenditures for the credit union were unauthorized. In opposing that motion, the Plaintiffs argued that HUD had failed to present any evidence showing that there was a genuine dispute about that critical fact. The Plaintiffs also argued that HUD had failed to satisfy its burden of proof and contended again that they were entitled to the dismissal of their proposed debarments.

20. On January 30, 2008, a hearing was held before the Debarring Official's designee, Mortimer F. Coward. Mr. Coward heard arguments from both HUD and the Plaintiffs' counsel. No evidence was presented.

21. HUD's motion for referral to a hearing officer was never ruled upon.

221. On March 31, 2008, the Debarring Official, Henry S. Czauski, who did not attend the January 30 hearing, issued a determination debarring Mr. Feinerman and Ms. Buxton for three years and debarring Reverend Harris for eighteen months.

23. Mr. Czauski concluded that "[t]he HHA Board actions in failing to comply with the specific terms of the ACC on more than one occasion and its failure to solicit or make affirmative inquiry to determine whether funding of the GHCCU was appropriate under the ACC, and if not to obtain approval, constitutes a willful failure to perform, a history of failure to perform and unsatisfactory performance in accordance with the ACC so serious as to affect the integrity of the program."

24. Mr. Czauski's determination makes no reference to any disputes about material facts and does not discuss HUD's motion for referral to a hearing officer for fact-finding about what the Plaintiffs knew, or had reason to know. Mr. Czauski found no facts, and none were presented, demonstrating willful misconduct by any of the Plaintiffs, or that any of the Plaintiffs acquired information that suggested misconduct or deliberately avoided acquiring such information, or otherwise knew or had reason to know of any misconduct. Nonetheless, Mr. Czauski concluded that "[t]he improper conduct of the HHA is imputable to Respondents ... who participated in, had knowledge of, or had reason to know of the improper conduct."

25. Mr. Czauski's determination also disregards evidence of mitigating factors which demonstrate the Plaintiffs' present responsibility. In reference to those factors, however, Mr. Czauski concluded that "[a]lthough Respondents allege that they have taking (*sic*) certain steps to put procedures and controls in place, including the creation of a governance committee and an

audit committee to avoid a repetition of a similar problem and a proposal to repay all the funds contributed to GHCCU with non-federal funds, no affirmative action has been taken by any of the respondents or the HHA Board to implement the steps, controls or repayment suggested and to avoid a recurrence." That conclusion is false, without factual support, and contrary to undisputed facts in the administrative record.

26. The effective date of the Plaintiffs' debarments was March 31, 2008. The debarments have imposed substantial hardships on the Plaintiffs, including immediate and ongoing indignity and injury to reputation, interference with professional and personal business interests and associational activities, and preclusion from public service activities and commitments.

27. By letter dated April 18, 2008, Mr. Czauski notified the Mayor of Harrisburg that Mr. Feinerman and Reverend Harris had been debarred. Mr. Czauski informed the Mayor that HHA "is prohibited from allowing debarred individuals to supervise, exercise critical influence over or substantially control transactions funded with money provided to the HHA through Annual Contributions Contracts with HUD."

28. Mr. Feinerman and Reverend Harris have served on the HHA Board of Commissioners since 1983 and 1999 respectively. HUD's prohibition against their continuing that service deprives them of their personal and associational right to do so, imposes substantial hardship on HHA, is against the public interest, and serves no legitimate interest of HUD.

**COUNT I**

**(Violation of 5 U.S.C. § 706(2))**

29. Plaintiffs incorporate herein by reference every allegation previously stated.

30. For the reasons set forth herein, the Debarring Official's Determination of March 31, 2008, and HUD's debarment of each Plaintiff pursuant thereto, was and is in violation of 5 U.S.C. § 706(2), including that provision's prohibition of agency action which is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.

31. As a result of HUD's wrongful actions, the Plaintiffs have suffered the injuries and damages described above.

## COUNT II

**(Declaratory Judgment Pursuant to 28 U.S.C. § 2201 & 2202)**

32. Plaintiffs incorporate herein by reference every allegation previously stated.

33. For the reasons set forth herein, the Court should declare that the Debarring Official's Determination of March 31, 2008, and HUD's debarment of each Plaintiff pursuant thereto, was and is in violation of 5 U.S.C. § 706(2).

## COUNT III

**(Injunctive Relief pursuant to Civil Rule 65 and/or Stay of Agency Action pursuant to 5 U.S.C. § 705)**

34. Plaintiffs incorporate herein by reference every allegation previously stated.

35. Plaintiffs have demonstrated a likelihood of success on the merits, and that they are likely to suffer irreparable harm. As a direct and proximate result of HUD's wrongful debarment, Plaintiffs have suffered personal and professional injuries, and will continue to do so while the debarment remains in effect. This harm is immediate and ongoing, and Plaintiffs have no adequate remedy at law. The balance of equities weighs in favor of providing immediate injunctive relief to the Plaintiffs.

36. For these same reasons, Plaintiffs alternatively are entitled to a stay of HUD's

debarment pursuant to 5 U.S.C. § 705.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Leon J. Feinerman, Earl L. Harris and Constance Buxton pray that this Court enter judgment on their behalf against Defendant HUD, and:

(a) find and hold that Defendant's debarment of each Plaintiff violated 5 U.S.C. § 706(2);

(b) preliminarily and permanently enjoin Defendant from enforcing the debarment of each Plaintiff, or from taking any other act pursuant to the Debarring Official's Determination;

(c) declare that the findings and conclusions set forth in the Debarring Official's Determination, and all actions taken by Defendant to implement that Determination, including any and all actions to debar each Plaintiff, are null and void and of no force and effect;

(d) order the United States to pay the costs and attorneys' fees incurred by Plaintiffs in pursuing this action, including any payment which they may be entitled to under the Equal Access to Justice Act, and any further damages to which they may be entitled arising from the unlawful debarment; and

(e) grant such other and further relief the Court deems equitable, just and proper.

Respectfully submitted,

_____/s/_____
Mona Lyons,  DC Bar No. 914234
Peter Butcher, DC Bar No. 441692
Law Office of Mona Lyons
1666 Connecticut Avenue, NW
Suite 500
Washington, D.C.  20009
(202) 387-7000

_____/s/_____
Lee P. Reno, DC Bar No. 152256
Sarah L. Molseed, DC Bar No. 975677
Reno & Cavanaugh
1250 Eye Street, NW
Suite 900
Washington, D.C.  20005
(202) 783-2800

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1  U.S. Government Plaintiff
- 2  U.S. Government Defendant
- 3  Federal Question (U.S. Government Not a Party)
- 4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. *Antitrust*
**410 Antitrust**

### B. *Personal Injury/Malpractice*
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

### C. *Administrative Agency Review*
**151 Medicare Act**

**Social Security:**
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

**Other Statutes**
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*   OR   F. *Pro Se General Civil*

**Real Property**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**Personal Property**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**Bankruptcy**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**Property Rights**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**Federal Tax Suits**
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC  7609

**Forfeiture/Penalty**
- 610 Agriculture
- 620 Other Food &Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

**Other Statutes**
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255*<br><br>530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | H. *Employment Discrimination*<br><br>442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | I. *FOIA/PRIVACY ACT*<br><br>895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | J. *Student Loan*<br><br>152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| K. *Labor/ERISA (non-employment)*<br><br>710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | L. *Other Civil Rights (non-employment)*<br><br>441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities- Employment<br>446 Americans w/Disabilities- Other | M. *Contract*<br><br>110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | N. *Three-Judge Court*<br><br>441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23     **DEMAND $**      **JURY DEMAND:**   Check YES only if demanded in complaint   **YES**   **NO**

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   **YES**   **NO**   If yes, please complete related case form.

**DATE**          **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.