UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEON J. FEINERMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROY A. BERNARDI, <br> Acting Secretary of Department of <br> Housing and Urban Development, <br><br> Defendant. | Civil Action No. 08-759 (RBW) |

**ORDER**

Leon J. Feinerman, Earl L. Harris, and Constance Buxton, the plaintiffs in this civil lawsuit, seek "review of, and declaratory and injunctive relief from, the decision of [the Department of Housing and Urban Development ('HUD')] to debar the [p]laintiffs . . . pursuant to the Administrative Procedures Act, [5 U.S.C. §§ 551-59, 701-06, 1305, 3105, 3344, 4301, 5335, 5372, 7521 (2000)]." Complaint ¶ 1. Along with their complaint, the plaintiffs filed a motion for a preliminary injunction on May 1, 2008, seeking to enjoin Roy A. Bernardi, the Acting Secretary of the Department of Housing and Urban Development and the sole defendant in this case in his official capacity, from effectuating HUD's debarment determination. Plaintiffs' Application for Preliminary Injunction and Request for Expedited Ruling at 1. Because the plaintiffs did not submit proof of service of their motion for a preliminary injunction in support of their motion, the Court must deny the motion without prejudice at this time.

Rule 65 provides for two forms of preliminary injunctive relief. The first is a preliminary

injunction, which the Court may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The second is a temporary restraining order, which may be issued without notice to an adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Id. at 65(b). The plaintiffs do not even attempt to demonstrate that they will suffer "immediate and irreparable injury" if the defendant is provided with notice of their request, see Memorandum of Points and Authorities in Support of Plaintiff[s'] Application for Preliminary Injunction and Request for Expedited Hearing at 25-29 (arguing that the plaintiffs will suffer irreparable injury absent the entry of a preliminary injunction in the form of embarrassment, injury to their reputations, and removal from professional and community posts, but not that such events will occur so quickly that there is insufficient time remaining to give notice of the plaintiffs' motion to the defendant), much less provide certification from their attorney regarding "any efforts made to give notice and the reasons why it should not be required." Consequently, the defendant must be given proper notice of the plaintiffs' motion before the Court can consider the merits of the plaintiffs' position.

    Here, there is no evidence in the record before the Court that the plaintiffs provided notice of their motion to the defendant in conformance with Federal Rule of Civil Procedure 5, which governs the service of, inter alia, "written motion[s], except one[s] that may be heard ex parte," id. at 5(a)(D). Pursuant to this Court's local rules, proof of such service "shall be filed" with the underlying motion. Local Civ. R. 5.3. Thus, by filing a motion for preliminary injunctive relief without attaching a certificate of service, the plaintiffs have violated the Court's

local rules and failed to establish that the defendant has received proper notice of their motion, making it impossible for the Court to adjudicate the merits of their motion. The Court will therefore deny the motion with prejudice at this time.

Accordingly, it is

**ORDERED** that the Plaintiffs' Application for Preliminary Injunction and Request for Expedited Ruling is **DENIED** without prejudice. It is further

**ORDERED** that the plaintiffs shall provide one courtesy copy of any renewed motion for preliminary injunctive relief (along with any memoranda of law and exhibits in support of such a motion) to the Chambers of the undersigned judge within twenty-four hours of the filing of such a motion.

**SO ORDERED** this 6th day of May, 2008.

REGGIE B. WALTON<br>
United States District Judge