UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

| | |
|---|---|
| LEON J. FEINERMAN *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 08-759 (RBW) |
| ) | |
| ROY A. BERNARDI, ) | |
| Acting Secretary of Department of ) | |
| Housing and Urban Development ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF EARL L. HARRIS' RENEWED MOTION
FOR PRELIMINARY INJUNCTION**

Plaintiff Earl L. Harris, through counsel, hereby files a renewed motion for an order pursuant to 5 U.S.C. § 705, or Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65, staying or enjoining his debarment by Defendant United States Department of Housing and Urban Development, pending a final decision on the merits of his Complaint.

The grounds for this motion are set forth in the accompanying memorandum of points and authorities in support.

Respectfully submitted,

/s/
Mona Lyons,  DC Bar No. 914234
Peter Butcher, DC Bar No. 441692
Law Office of Mona Lyons
1666 Connecticut Avenue, NW
Suite 500
Washington, D.C.  20009
(202) 387-7000

/s/
Lee P. Reno, DC Bar No. 152256
Sarah L. Molseed, DC Bar No. 975677
Reno & Cavanaugh
1250 Eye Street, NW
Suite 900
Washington, D.C.  20005
(202) 783-2800

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

_____
                                    )
LEON J. FEINERMAN *et al.*,         )
                                    )
    Plaintiffs,                     )
v.                                  )
                                    )   Civil Action No. 08-759 (RBW)
ROY A. BERNARDI,                    )
Acting Secretary of Department of   )
Housing and Urban Development       )
                                    )
    Defendant.                      )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF EARL L. HARRIS' RENEWED MOTION
FOR PRELIMINARY INJUNCTION**

By Order dated June 12, 2008, this Court ruled on the application for preliminary injunction and request for expedited ruling filed by the three plaintiffs in this case, finding that they had demonstrated a substantial likelihood of success on the merits, and that the balance of interests weighed in favor of granting injunctive relief. The Court concluded, however, that only Plaintiff Leon J. Feinerman had demonstrated irreparable injury warranting a preliminary injunction and denied the motion without prejudice as to Plaintiffs Earl L. Harris and Constance Buxton.

The plaintiffs' grounds for seeking a preliminary injunction are set forth in their prior submissions in this action, and are the subject of the Court's Memorandum Opinion, dated June 12, 2008. In its Opinion, the Court found that the plaintiffs

> were likely to succeed on the merits of their APA claims because
> the Debarring Official employed the wrong standard in imputing

>any misconduct by the HHA to the plaintiffs and erred in failing to explain why he did not consider the mitigating evidence presented by the plaintiffs, that Feinerman had established that he would suffer irreparable injury absent injunctive relief, that the defendant had not established any injury arising from the entry of an order granting such relief at this time, and that the public interest favored the plaintiffs.

(Memorandum Opinion, at 9).

The Court concluded its Opinion by "deny[ing] without prejudice the plaintiffs' motion with respect to Harris and Buxton, with the understanding that the Court may reach a very different result with respect to these plaintiffs should they file renewed motions supported by some evidence of irreparable injury . . ." (*Id.*, at 25). Harris now renews his motion for a preliminary injunction, supported by an accompanying declaration setting forth evidence of irreparable injury.

Pursuant to well-established standards, Harris may obtain a preliminary injunction by demonstrating a substantial likelihood of success on the merits, as well as irreparable injury in the absence of preliminary relief, and that he is favored by the balance of interests. (*See* Memorandum Opinion, at 9-10). Harris ultimately is "not required to prevail on each of these. . . factors." *Canales v. Paulson*, 2006 U.S. Dist. Lexis 61915, *8 (D.D.C. 2006). Rather, "the factors must be viewed as a continuum, with more of one factor compensating for less of another." *Hicks v. Bush*, 397 F. Supp. 2d 36, 44 (D.D.C. 2005).

Therefore, Harris need not show substantial or severe injury from his debarment, but instead where he has demonstrated a "probable success on the merits," he need only establish a "possibility of irreparable injury." *Fund for Animals v. Norton*, 281 F. Supp. 2d 209, 219 (D.D.C. 2003).

> If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak. An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury.

*CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995).

As detailed in his accompanying declaration, Harris recently lost employment as a counselor for troubled and at-risk youth and their families. (Second Supplemental Declaration of Earl L. Harris). That part-time job would have supplemented Harris' modest income as a pastor by up to $1100 per week. (*Id.*, at ¶ 4).

The reason Harris lost that employment is because the employer, Tri-County Youth Advocate Programs, Inc., (YAP) receives federal funds. As a result, and as YAP's executive director explained to Harris, he could not continue employment with the organization until his debarment had either run its course or been overturned by the Court.[1] (*Id.*, at ¶ 5).

Accordingly, the meritless debarment which HUD has imposed on Harris has caused him "actual" injury for which he is without recourse, either through this lawsuit or elsewhere. As the plaintiffs argued and the Court concluded, "where, as here, the plaintiff in question cannot recover damages from the defendant due to the defendant's sovereign immunity. . . any loss of income suffered by a plaintiff is irreparable *per se*. . ." (Memorandum Opinion, at 21-22). The ongoing loss of income caused by Harris' debarment thus constitutes irreparable injury which warrants preliminary injunctive relief.[2]

---

[1] As Harris' accompanying declaration states, he failed to inform his attorneys of these facts until after the Court had heard and denied his request for injunctive relief. (*Id.*, at ¶ 7).

[2] HUD's debarment also prohibits Harris from continuing his service as a member of the HHA board, and his constitutionally protected interest in filling that position is broader than the

        Respectfully submitted,

        /s/
        Mona Lyons, DC Bar No. 914234
        Peter Butcher, DC Bar No. 441692
        Law Office of Mona Lyons
        1666 Connecticut Avenue, NW
        Suite 500
        Washington, D.C. 20009
        (202) 387-7000

        /s/
        Lee P. Reno, DC Bar No. 152256
        Sarah L. Molseed, DC Bar No. 975677
        Reno & Cavanaugh
        1250 Eye Street, NW
        Suite 900
        Washington, D.C. 20005
        (202) 783-2800

        Attorneys for Plaintiff

---

associational one first asserted by the plaintiffs and referenced by the Court. (*See* Memorandum Opinion, at 22). In *Amato v. City of New Britain*, 1998 U.S. Dist. LEXIS 20246 (D. Conn. September 28, 1998), the District Court for the District of Connecticut concluded that public housing commissioners appointed under statutory terms similar to those applicable to Harris "possessed a constitutionally protected property right in their positions on the New Britain housing commission." *Amato*, 1998 U.S. Dist. LEXIS 20246, *8; *compare* Conn. Gen. Stat. § 8-43 *with* 35 Pa. Const. Stat. § 1546. As such, HUD's debarment deprives Harris of his valuable and protected interest in serving out his term as an HHA commissioner.

# SECOND SUPPLEMENTAL DECLARATION OF EARL L. HARRIS

I, Earl L. Harris, make the following declaration:

1. I am employed as the pastor of the St. Paul Missionary Baptist Church in Harrisburg, Pennsylvania, but need to supplement my income from the church in order to make ends meet.

2. Effective March 31, 2008, the United States Department of Housing and Urban Development (HUD) debarred me from participation in transactions with the federal government for eighteen months.

3. In April, 2008, I was offered and accepted a position as a Behavioral Specialist/Mobile Therapist with the Tri-County Youth Advocate Programs, Inc., (YAP) in Harrisburg, Pennsylvania. A copy of YAP's offer letter to me is attached as Exhibit 1 to this declaration.

4. The principal duties of the position I was offered at YAP were to provide counseling to troubled and at-risk youth and their families. After completion of training, I would have been paid $37 per hour by YAP for the counseling services I provided. I expected to provide such counseling services for up to 30 hours per week and thereby earn up to $1100 per week in supplemental income.

5. I received training for my position at YAP between April 1 and April 10, 2008. At the conclusion of that training on April 10, I informed YAP's executive director, Cheryl McSherry, that HUD had debarred me for eighteen months but that my attorneys intended to seek an injunction overturning the debarment. Ms. McSherry told me that, because YAP receives federal funds,

it could not continue employing me until the debarment had either run its course or was overturned by the court.

6. On June 16, 2008, YAP provided me with a personnel action form stating that my employment was terminated effective April 10, 2008. Ms. McSherry executed that form on May 28, 2008. A copy of the YAP termination form is attached as Exhibit 2 to this declaration.

7. I did not appreciate that the loss of my employment at YAP could be important to my attorneys' efforts to obtain injunctive relief for me and I failed to inform them of these events until after the Court had heard and denied my request for injunctive relief.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____        _6/17/08_____
     Earl L. Harris                  Date

Exhibit 1

# TRI-COUNTY YOUTH ADVOCATE PROGRAMS, INC.
## 1515 NORTH FRONT STREET
## HARRISBURG, PA 17102
## PHONE (717) 232-3786   FAX (717) 232-0924

April, 10, 2008

Earl Harris
103 S. 21st Street
Harrisburg, PA 17104

*# 7691 Program 58*

Dear Mr. Carr:

I would like to take this opportunity to welcome you to Youth Advocate Programs, Inc. ("YAP"). This letter sets forth the terms of our offer of employment to you.

> Position Title: Behavioral Specialist Consultant/Mobile Therapist
> Status: Non-Exempt
> Start Date: April 1, 2008
> Hourly Rate(s):
> 1. $ 37.00/hr billable MT/BSC
> 2. $ 20.00/hr for A&A
> 3. $ 15.00/hr for approved non-billable hour
> 4. $ 15.00/hr for YAP approved meetings and training
> 5. $ 15. 00/hr for supervision given or received

Training Period: April 1, 2008-April 10, 2008

Before you will be able to see clients or otherwise assume your regular duties, you will have to complete your initial training. In addition, you will not be able to begin working on a regular basis (and begin receiving your regular pay) until all of the following are received:

> (1) appropriate responses to your background checks;
> (2) favorable personal references; and
> (3) satisfactory proof of your identity and your legal authority to work in the U.S.

During your training period, you will be paid the minimum wage applicable in your state. The waiting period for your other employment benefits (e.g., health insurance) will not begin to run until you become a regular YAP employee.

Some states or localities may require more than one criminal background check. Unless prohibited by state law, you will be responsible for paying for whatever background checks are necessary to become a regular YAP employee. If you request, YAP can assist you in obtaining whatever background checks are necessary in your area. If we do so, the cost of obtaining these background checks will be deducted from your initial paycheck(s) as a regular employee. If your

Revised 08/07

background checks do not produce acceptable responses or if, for any other reason, you do not progress from your training rate to your regular rate, YAP will not seek reimbursement from you for the cost of obtaining background checks. In this way, you are assured of never receiving compensation that is below the prevailing minimum wage.

Regular Employment

If favorable references and appropriate background check responses are received, you may begin working at your regular hourly rate. At that time, your six-month benefits waiting period will also begin to run. More specifically, after you have worked as a regular employee (not a training employee) at Youth Advocate Programs for a period of six consecutive months, you will be eligible to purchase insurance benefits for yourself and your eligible dependents (spouses with their own insurance are not eligible).

Approximately 60 days prior to your benefits eligibility date, you will receive information mailed to your home from the Human Resources Department. You must complete the enrollment process by the date specified in your benefits enrollment letter. You may begin to purchase and use the health insurance plan the first day of the month following your six-month, regular employee waiting period.

At-Will Employment, the Personnel Policy Manual, and Other Important Information

You will find additional information regarding your responsibilities as a YAP employee in your new employee's orientation packet. Please take the time to become familiar with this information. In particular, it is important to complete the Personnel Policy Acknowledgment, the Confidentiality Statement and the Emergency Contact information.

As noted in YAP's Personnel Policy Manual, your employment with YAP is at-will. This means that you may be terminated at any time with or without cause, with or without notice, and for any reason not prohibited by law. The terms of this letter, therefore, do not and are not intended to create either an express and/or implied contract of employment with YAP.

If you agree with and accept the terms of this offer of employment, please sign below and return this letter to our office.

I wish you much success with our organization. Please feel free to contact me if you have any additional questions.

Sincerely,

Cheryl McSherry
Director

Accepted by (print your name): _Earl L. Harris_
Revised 08/07

Your signature: _[signature]_                               Date: 4/10/08
Attachments

cc:   Employee Personnel File
      Regional Director/Vice President
      TSC-1) PM/MSM; 2) Payroll: 3) Human Resources

Revised 08/07

Exhibit 2

17399
No Benefits

Personnel Form
Date Terminated 4/10/2008

1. Name: Earl Harris           2. Social Security Number: *
3. Program Name: Tri-County YAP           4. Program # 58
5. Reason for Termination:   ☒ Resignation   ☐ Unsatisfactory Performance   ☐ Gross Misconduct
                             ☐ Mutual Agreement   ☐ Extended Absence   ☐ Deceased
                             ☐ Reduction in the Work Force

ALL TERMINATIONS MUST BE SUBMITTED WITH REQUIRED DOCUMENT IN ORDER TO BE PROCESSED. PLEASE SEE BACK PAGE FOR SUITABLE DOCUMENTATION.

5a. Is the Employee eligible for rehire?   ☒ Yes   ☐ No (If no, please provide an explanation) _____

6. Field Representative that processed termination: David Edmonds
7. Exit Interview offered: ☐   Accepted   ☒ Declined
8. Please list Employee's current address and verify phone number: 103 S. 21st St. Hbg, PA 17104
   717-645-1109

Fax a copy of the terminated PAF and any supporting documentation to HR within 24 hours (required) of termination. The HR fax number is 717-232-8727.

Insert Date faxed to HR: 5-28-08

9. Last Day of Work: 4-10-08           10. Last day of Employment: 4-10-08
11. Employee Classification:   ☒ Hourly   ☐ Salaried
12. Payable Paid Time Off (PTO): ☐ Yes ☒ No   12a. Available PTO Balance: _____
13. The following items were issued to or in possession of the employee and have been returned to YAP, Inc.:
    ☐ Client files   ☐ Keys   ☐ Computer/Laptop/Printer   ☐ Phone/Blackberry
    ☐ Pager          ☐ YAP's Identification Badge        ☐ Other

*Social security number redacted.

Revised 5/2008

Youth Advocate Programs, Inc
Personnel Action Form – Termination Employment Form

14. I authorized YAP, Inc. to withhold from my final pay check(s) the following sum I owe for:

☐ Salary Advance $_____    ☐ Overdrawn PTO $_____    ☐ Unpaid Insurance Premiums$_____
☐ Lost Equipment $_____ (I.T. Department will provide this amount)    ☐ Other $_____

My signature indicates that I acknowledge having received a copy of this termination form.

Employee Signature: Not Available                    Date: 5-28-08
Director Signature: [signature]                      Date: 5/28/08
Director Print Name: Cheryl McSherry

**If employee is not available to sign or refuses to sign this form, please note this on the employee signature line**
**All terminated employee files should be mailed to the Support Center via the weekly packet and addressed to HR**

DESCRIPTIONS OF TERMINATION REASONS:

*Voluntary Resignation - Employee has given notice that they will not return back to YAP for any reason. Attach any copies of resignation letters and/or indicate reason employee has decided not return.

*Unsatisfactory Performance – Failure of an employee to meet performance requirements, or maintain an adequate attendance records. Prior to termination for unsatisfactory performance, the immediate supervisor must make a reasonable effort to resolve the problem with the employee. Please refer to the Personnel Policy Manual Section XIII. Attach all documentation such as corrective action forms, supervision notes, and performance evaluations.

*Gross Misconduct – Termination for gross misconduct requires no notice and is defined as any of the following behaviors: insubordination, gross employee misbehavior on the job, refusal to do work assigned, fraud in reporting hours worked, failure to report to work as scheduled with out proper notification or approved leave, abandonment of job, misrepresentation of any kind, wrongful use of or taking of YAP, Inc. property, breach of confidentiality, failure to report child abuse, negative public statements which reflect poorly on YAP, Inc., physical or emotional harm to clients in the program, violation of the Employee Code of conduct, bad faith in knowingly and falsely accusing another employee of fraud or abuse, conviction of multiple misdemeanors or a felony or in a medical assistance program, conviction, disbarment or exclusion from participation in a federal or state health care program (attach documentation).

*Reduction in Work Force – Resulting from job elimination due to reorganization, reduction in referrals from a referring authority, termination of a contract by a referring authority or financial considerations determined by YAP, Inc. management. Any employee so affected will be given as much notice as possible.

*Mutual Agreement – Whereby both the individual and YAP, Inc. management agree that it would be mutually beneficial to end the employment relationship (attach documentation).

*Deceased - Employee is deceased

*Extended Absence – Any individual who has not performed productive work for a continuous period of thirty (30) days will be automatically considered to have resigned and will be terminated as an employee.

DESCRIPTIONS OF DOCUMENTATION REQUIRED FOR ATTACHMENT:

Progressive Corrective Action Documentation consistent with YAP Policy (Please see Personnel Policy Manual) *Verbal Warning (s), Written Warning(s), Suspension(s), Probation(s)
*Follow up information regarding infractions

Revised 5/2008

UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

LEON J. FEINERMAN *et al.*,

    Plaintiffs,

v.

U.S. DEPARTMENT OF HOUSING
    AND URBAN DEVELOPMENT,

    Defendant.

Civil Action No. 08-759 (RBW)

**PROPOSED ORDER**

In consideration of Plaintiff Earl L. Harris' Renewed Motion for Preliminary Injunction, any opposition thereto, and the record herein, it is

**Ordered** that Plaintiff Harris' motion is **Granted**. It is further

**Ordered** that the defendant is enjoined from enforcing the debarment of Earl L. Harris, unless and until ordered otherwise by this Court.

**So Ordered** this _____ day of _____, 2008.

REGGIE B. WALTON
United States District Judge