UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Leon J. Feinerman, et al.<br>　　　Plaintiffs,<br><br>v.<br><br>Steven Preston,<br>Secretary of Department of<br>Housing and Urban Development[1],<br><br>　　　Defendant | )<br>)<br>)<br>)<br>)   Civil Action No. 08-759 (RBW)<br>)   ECF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, Roy A. Bernardi, in his official capacity as Acting Secretary of Department of Housing and Urban Development ("Defendant" or "HUD") by and through undersigned counsel, hereby answers the Complaint filed in the above-styled action as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiffs' damage claims.

---

[1] Pursuant to F.R.C.P. 25(d), Roy A. Bernardi, former Acting Secretary of Department of Housing and Urban Development is hereby replaced by the newly appointed Secretary of Department of Housing and Urban Development, Steven Preston.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further answers Plaintiffs' Complaint by responding to the numbered paragraphs of the Complaint by denying the allegations contained therein, except as expressly admitted, as follows:

1. Paragraph one is Plaintiffs' statement regarding the nature of the Complaint, not an averment of fact for which an answer is required.  To the extent that an answer is deemed necessary, Defendant admits that Defendant made the decision to debar Plaintiffs.  To the extent this paragraph alleges the decision was in violation of the Administrative Procedures Act, 5 U.S.C. 2201 & 2202, or other wrongdoing on Defendant's part, Defendant denies.

2. Paragraph two is Plaintiffs' statement regarding this Court's jurisdiction to hear their claim, not an averment of fact for which an answer is required.  To the extent an answer is deemed necessary, Defendant denies.

3. Defendant admits the allegations in paragraph three.

4. Defendant admits the allegations in paragraph four.

5. Defendant admits the allegations in paragraph five.

6. Defendant admits the allegations in paragraph six.

7. Defendant admits the first two sentences of paragraph seven.  Defendant admits sentence three of paragraph seven with clarification.  In addition to removing Harrisburg Housing Authority ("HHA") board of commissioners for cause, as set forth by Pennsylvania state law, HHA board of commissioners may also be debarred in accordance with HUD debarment regulations. Defendant admits the fourth sentence of paragraph seven.

8. Defendant denies the first part of paragraph eight in which Plaintiff alleges that the reason HHA became involved in the planning of the Greater Harrisburg Community Credit Union ("GHCCU") was to provide desperately needed financial services for HHA residents. Defendant admits the remainder of paragraph eight.

9. Defendant admits the first sentence of paragraph nine. Defendant is without knowledge or information sufficient to admit or deny the remainder of paragraph nine.

10. Defendant admits the first sentence of paragraph 10. Defendant is without knowledge or information sufficient to admit or deny the remainder of paragraph 10.

11. [Omitted]

12. Defendant admits the allegations contained in the first sentence of paragraph 12. Defendant admits the allegations of the second sentence of paragraph 12 with clarification. From January 1998 to June 2006, HHA improperly disbursed $841,655 from it General Fund for GHCCU. Defendant admits the allegations of the third sentence of paragraph 12 with clarification. Expenditures for GHCCU were periodically approved by Plaintiffs until the credit union closed in February 2006, but these expenditures were not authorized by HUD.

13. Defendant admits the first sentence of paragraph 13. Defendant is without knowledge or information sufficient to admit or deny the remainder of paragraph 13.

14. Defendant denies the allegations in the first part of sentence one of paragraph 14 in which Plaintiff alleges that the audit conducted by HUD's Office of Inspector General ("OIG") "questioned" the HHA's funding of GHCCU, and that HUD's

3

OIG's audit determined that HHA did not administer its low-rent public housing program in accordance with HUD regulations and that HHA improperly disbursed its operating funds from its low rent public housing program to open and support GHCCU and allowed a conflict of interest situation to exist.  Defendant admits the remaining allegations in the first sentence of paragraph 14.  Defendant is without knowledge or information sufficient to admit or deny the remainder of paragraph 14.

     15.    Defendant admits the allegations in the first sentence of paragraph 15.  Defendant admits the remainder of paragraph 15 with clarification.  Defendant admits that HHA advised HUD's Pennsylvania state office for public housing, in correspondence dated October 28, 2007, that it will create audit and governance committees; and Defendant also admits that HHA proposed to HUD, in correspondence dated November 9, 2007, to repay the funds the HHA had given away to GHCCU, but that a formal repayment agreement was not approved and finalized between HUD and HHA until after the closing of the administrative record, which occurred on January 30, 2008.

     16.    Defendant admits the allegations in paragraph 16.

     17.     Defendant admits the allegations in paragraph 17.

     18.    Defendant admits the allegations contained in the first two sentences of paragraph 18. Defendant is without knowledge or information sufficient to admit or deny the first part of sentence three as to why Plaintiffs' contended that the debarment should be dismissed.  Defendant admits the remainder of sentence three in that Plaintiff did assert that the debarment action should be dismissed.  Defendant admits the first part of sentence four in that the Plaintiffs asserted their right to an adjudicative proceeding before and Administrative Law Judge.  The remainder of sentence four is Plaintiffs' legal

reasoning as to why they asserted their right, not an averment of fact for which an answer is required.  To the extent that an answer is deemed necessary, Defendant denies.

      19.     Defendant admits the allegations contained in the first two sentences of paragraph 19 with clarification. Defendant admits that it filed a Motion to Refer to a Hearing Officer, but denies that it contended there was a genuine factual dispute about whether the Plaintiffs knew, or had reason to know, that HHA's expenditures for GHCCU were unauthorized.  Rather, Defendant's Motion to Refer states that Plaintiffs' brief in opposition to the debarment and attached declarations of Plaintiffs have raised a genuine dispute of material facts as to whether Plaintiffs knew, or had reason to know, that the HHA's funding of GHCCU was improper.  Defendant admits the allegations contained in sentences three and four of paragraph 19 with clarification.  Defendant admits that Plaintiffs have summarized Plaintiffs' written opposition to Defendant's Motion to Refer to a Hearing Officer.

      20.     Defendant admits the allegations in paragraph 20.

      21.     Defendant denies that allegations in paragraph 21.

      22.     Defendant admits the allegations in paragraph 22.

      23.     Defendant admits the allegations in paragraph 23.

      24.     Defendant denies the allegations in paragraph 24.

      25.     Defendant denies the allegations in the first sentence of paragraph 25. Defendant admits the allegations in sentence two of paragraph 25. Defendant denies the allegations in the third sentence of paragraph 25.

      26.     Defendant admits the allegations in the first sentence of paragraph 26. Defendant denies the allegations in the second sentence of paragraph 26.

27. Defendant admits the allegations in paragraph 27.

28. Defendant admits the allegations in sentence one of paragraph 28. The second sentence of paragraph 28 contains Plaintiffs' legal conclusion, not an averment of fact for which an answer is required. To the extent a response is deemed necessary, Defendant denies.

29. Defendant incorporates by reference each and every response stated in the response to Paragraphs 1 through 28 as if fully stated herein.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant incorporates by reference each and every response stated in the response to Paragraphs 1 through 31 as if fully stated herein.

33. Defendant denies the allegations in paragraph 33.

34. Defendant incorporates by reference each and every response stated in the response to Paragraphs 1 through 33 as if fully stated herein.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

The remainder of the Complaint is Plaintiffs' Prayer for Relief to which no answer is required. To the extent an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, Defendant requests the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendant recover its costs in this action, and for such other relief as may be appropriate.

Dated: August 6, 2008

        Respectfully submitted,

        _/s/_____
        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        _/s/_____
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney


        _/s/_____
        MEGAN M. WEIS
        Special Assistant U.S. Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, NW
        Washington, D.C. 20530