**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| Leon J. Feinerman, et al. ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-759 (RBW) |
| Steven Preston, ) | ECF |
| Secretary of Department of ) | |
| Housing and Urban Development, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**DEFENDANTS' MOTION TO DISMISS AND FOR VOLUNTARY REMAND**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant moves to dismiss Plaintiffs', Leon

J. Feinerman, et al., Complaint for lack of subject matter jurisdiction and for voluntary

remand of its debarment notices.

In support of this Motion, Defendant respectfully refers the Court to Defendant's

Memorandum in Support of its Motion to Dismiss and for Voluntary Remand

("Memorandum"). The Memorandum is being concurrently filed herewith.  Pursuant to

Local Rule 7(m), counsel for the Parties conferred on the motion for voluntary remand

and Plaintiffs' counsel opposed.

Dated: August 28, 2008

Respectfully submitted,


_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_/s/_____
MEGAN M. WEIS
Special Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530


*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ———————————————————— ) | |
| Leon J. Feinerman, et al.                             ) | |
|                Plaintiffs,              ) | |
|                       ) | |
| v.                                                              ) | Civil Action No. 08-759 (RBW) |
| Steven Preston,                                           ) | ECF |
| Secretary of Department of                         ) | |
| Housing and Urban Development,             ) | |
|                       ) | |
|              Defendant.           ) | |
|                       ) | |
| ———————————————————— ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**
**AND FOR VOLUNTARY REMAND**

Defendant, Steven Preston, in his official capacity as Secretary of the Department

of Housing and Urban Development ("Defendant" or "HUD" or "Government") by and

through undersigned counsel, hereby submits Defendant's Memorandum in Support of its

Motion to Dismiss and for Voluntary Remand.

**I.      Introduction**

By letters dated, July 30, 2007, HUD proposed Plaintiffs', Leon J. Feinerman,

Constance Y. Buxton, and Earl Harris ("Plaintiffs"), debarment from future participation

in procurement and nonprocurement transactions with the Executive Branch of the

Federal Government for three years. See Defendant's Notice of Filing Exhibits, Exhibits

7-8 (Dkt. No. 13), ("Ex.1").  The notices stated that the proposed debarments of the

Plaintiffs were based on the Harrisburg Housing Authority's ("HHA") contribution of

large sums of the HHA's public housing operating subsidy funds to the Greater

Harrisburg Community Credit Union (GHCCU) without obtaining HUD's authorization for such expenditures." Id. The notices further stated that HHA's acts and omissions were imputed to the plaintiffs because, as its commissioners and pursuant to 2 C.F.R. § 180.630(b), they had "participated in, had knowledge of, or had reason to know of the violations." Id. The three debarment actions were thereafter consolidated. HUD filed its brief and

evidence in support of the debarments and Plaintiffs filed their opposition to the debarments, along with supporting evidence.

On January 30, 2008, a hearing was held before HUD's Debarring Official Designee. On March 31, 2008, the Debarring Official, Henry S. Czauski, issued a determination debarring Mr. Feinerman and Ms. Buxton for three years and debarring Reverend Harris for eighteen months. See Plaintiff's Amended Motion for Preliminary Injunction, Exhibit 10 at p. 2 ("Ex.2").

On May 1, 2008, Plaintiffs filed the current lawsuit under the Administrative Procedure Act ("APA") seeking to set aside the debarment alleging that the Debarring Official acted arbitrarily and capriciously. See generally Plaintiff's Complaint (Dkt. No.1). Concurrent with that Complaint, Plaintiffs also filed a Motion for Preliminary Injunction. See Amended Motion for a Preliminary Injunction (Dkt. No. 7).

A hearing was held on Plaintiffs Motion for Preliminary Injunction on May 27, 2008. On June 12, 2008, the Court issued an order and memorandum opinion enjoining Plaintiff Feinerman's debarment, but denied the request for a preliminary injunction as to Plaintiffs Harris and Buxton. See Memorandum Opinion (Dkt. No. 16). On June 17, 2008, Plaintiff Harris filed a renewed motion for a preliminary injunction. See Second

4

Motion for Preliminary Injunction (Dkt. No. 19).  The Government did not oppose

Harris' motion.  On June 25, 2008, the Court entered an order granting Harris' renewed

motion for a preliminary injunction.

Based on the issues in the Court's memorandum opinion, Defendant is voluntarily

withdrawing Plaintiffs' debarments and moves to remand the matter to the Agency for

further consideration.  See Exhibit 3, Withdraw and Remand Letters, ("Ex. 3").  This

withdrawal effectively deprives the Court of subject matter jurisdiction over Plaintiffs'

claims, and therefore, the Court should dismiss those claims without prejudice.

Furthermore, the withdrawal also moots the Court's two orders enjoining Plaintiff

Feinerman and Plaintiff Harris' debarments.

II.    **Argument**

A.  **The Debarment Notices to Plaintiffs Are Withdrawn.**

In granting Plaintiff Feinerman's motion for preliminary injunction, the Court

concluded that the bases for Plaintiffs' debarment was not supported by the

administrative record essentially because the Debarring Official's Determination did not

properly apply the legal standard for imputing misconduct by HHA to the Plaintiffs and

the Debarring Official did not appropriately consider the mitigating factors offered by the

Plaintiffs.  See Memorandum Opinion, at pp. 14-20 (Dkt. No.16).

In light of the issues raised by the Court, Defendant is voluntarily withdrawing the

Plaintiffs' debarments and requests a remand to the agency to reevaluate whether to

invoke the debarment process for the Plaintiffs.  This withdrawal in effect deprives this

Court of subject matter jurisdiction over Plaintiffs' APA claims against Defendant.

Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of America, 511U.S. 375, 377 (1994). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. at 377 (citations omitted). The first and fundamental question presented by every case brought to the federal courts is whether the Court has jurisdiction to hear it. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); California v. United States, 215 F.3d 1005, 1009 (9th Cir. 2000).

Plaintiffs necessarily rely on the APA as a waiver of sovereign immunity. See Trudeau v. FTC, 456 F. 3d 178, 187 n. 11 (D.C. Cir. 2006). The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. §702. The APA authorizes judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704 (emphasis added). Thus, an agency action must be final in order to be judicially reviewable. See, e.g., Ctr. for Law and Educ. v. Dep't of Educ., 396 F.3d 1152, 1165 (D.C. Cir. 2005) ("APA... bars review prior to final agency action."); Indep. Petroleum Ass'n of Am. v. Babbitt, 235 F.3d588, 594 (D.C. Cir. 2001) ("'[T]he requirement of a final agency action has been considered jurisdictional. If the agency action is not final, the court ... cannot reach the merits of the dispute.'" (quoting DRG Funding Corp. v. Sec'y of Housing & Urban Dev., 76 F.3d 1212 (D.C. Cir. 1996)).

The Supreme Court has established a two-part test to determine when an agency action is reviewable as "final." First, the action under review "must mark the

'consummation' of the agency's decision making process--it must not be of a merely tentative or interlocutory nature." <u>Bennett v. Spear</u>, 520 U.S. 154, 177-78 (1997) (citing <u>Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp.</u>, 333 U.S. 103 (1948)). Second, the action must "be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" <u>Bennett</u>, 520 U.S. at 178 (quoting <u>Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic</u>, 400 U.S. 62, 71 (1970)). The "core question" for determining finality is whether the agency has completed its decision making process, and whether the result of that process is one that will directly affect the parties." <u>Dalton v. Specter</u>, 511 U.S. 462, 470 (1994).

Here, with the debarment of Plaintiffs now withdrawn, there no longer exists any "final agency action" reviewable under the APA. Neither part of the two-part test for final agency action is presently satisfied. First, there no longer exists the "consummation" of the agency's decision making process. To the contrary, Defendant intends to reevaluate whether to invoke the debarment process for the Plaintiffs. In short, the decision-making process is ongoing and there is no final agency decision for judicial review.

Second, with Plaintiffs' debarment withdrawn, there is no agency decision from which legal rights or obligations flow – or at least no decision that can be challenged in a District Court. Indeed, with respect to the second prong of the finality test, the evaluation process that needs to be done by the Debarring Official will almost certainly affect the issues that this Court will ultimately be reviewing under the APA's "arbitrary and capricious" standard.

For these reasons, Defendant submits that the withdrawal of the debarment renders the matter non-justiciable. Specifically, since Plaintiffs' Complaint seeks to declare the Debarring Official's Determination, and all actions taken by the Defendant to implement that Determination, null and void, Defendants' voluntary withdrawal and remand of the debarment effectively moots Plaintiffs' requested relief. See Plaintiffs' Complaint at p. 9, subpar. (c). (Dkt. No. 1). Therefore, the Plaintiffs' Complaint should be dismissed, without prejudice subject to Plaintiffs' re-filing if they wish to contest any new administrative decision that may be taken. Furthermore, the withdrawal moots the Court's orders of June 12, 2008 and June 25, 2008 which granted Plaintiffs Feinerman's and Harris' motion for preliminary injunction.

Moreover, in Canales, this Court recently granted a similar motion to dismiss and for voluntary remand. Maria Canales, et. al. v. Paulson, et al., Civil Action No. 06-1330 (GK); See Memorandum Opinion, Civ. Action No. 06-1330(GK), at p. 18-20 (Dkt. No. 47). The Defendant agency in Canales, like Defendant HUD in this case, notified plaintiff in writing that it was withdrawing plaintiff's debarment and that it intended to "reevaluate whether to invoke the debarment process" for the plaintiff. Id. The Court in Canales determined that as a result of Defendant voluntarily withdrawing plaintiff's debarment any loss to the plaintiff had been restored and plaintiff's challenge to the debarment is therefore moot. Id. Specifically, the Court in Canales stated that as a result of Treasury's intervening withdrawal of the debarment, plaintiff's claim is moot "because [it] already has 'obtained everything that [it] could recover … by a judgment of this court in [its] favor.'" Hall v. CIA, 437 F. 3d 94, 99 (D.C. Cir. 2006) (citing Better Government Ass'n v. Department of State, 780 F. 2d 86, 91 (D.C Cir. 1986)) (internal citations

8

omitted, bracketed pronouns added). Plaintiff's claim as to the debarment must therefore be dismissed without prejudice. <u>Id</u>.

### III.    <u>Conclusion</u>

Wherefore, for the above stated reasons, Defendant respectfully requests an order to dismissing Plaintiffs' Complaint,  vacating the Court's orders of June 12, 2008 and June 25, 2008 which granted Plaintiffs Feinerman's and Harris' motions for preliminary injunction, and granting a voluntary remand.


Dated: August 28, 2008


                                    Respectfully submitted,


                                    _/s/_____
                                    JEFFREY A. TAYLOR, D.C. Bar #498610
                                    United States Attorney


                                    _/s/_____
                                    RUDOLPH CONTRERAS, D.C. BAR #434122
                                    Assistant United States Attorney


                                    _/s/_____
                                    MEGAN M. WEIS
                                    Special Assistant U.S. Attorney
                                    United States Attorney's Office
                                    Civil Division
                                    555 4th Street, NW
                                    Washington, D.C. 20530


                                    *Attorneys for Defendant*

9



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, D.C. 20410-0500

AUG 2 8 2008

Office of General Counsel
Departmental Enforcement Center

Lee Reno, Esq.
Reno & Cavanaugh, PLLC
1250 Eye Street, N.W.
Suite 900
Washington, DC  20005

     Re: Reverend Earl Harris's Debarment under Docket Number 07-3442-DB

Dear Mr. Reno:

     HUD voluntarily withdraws and remands for further consideration the March 31, 2008, Debarring Official's Determination issued to Rev. Earl Harris.

     In order to compile a more complete record and to form a decision that reflects the facts, HUD hereby withdraws Rev. Harris's debarment and will reevaluate whether to invoke the debarment process for Rev. Harris.  If HUD initiates a debarment process for Rev. Harris, he will be afforded an opportunity to respond to any proposed debarment.  Further, a hearing, if necessary, will be held, during which Rev. Harris can raise any arguments that he wishes the Department to consider.

                   Sincerely,

                   Henry S. Czauski
                   Debarring Official

Enclosure



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, D.C. 20410-0500

Office of General Counsel                                        AUG 2 8 2008
Departmental Enforcement Center

Lee Reno, Esq.
Reno & Cavanaugh, PLLC
1250 Eye Street, N.W.
Suite 900
Washington, DC 20005

Re: Mr. Leon J. Feinerman's Debarment under Docket Number 07-3441-DB

Dear Mr. Reno:

HUD voluntarily withdraws and remands for further consideration the March 31, 2008, Debarring Official's Determination issued to Mr. Leon J. Feinerman.

In order to compile a more complete record and to form a decision that reflects the facts, HUD hereby withdraws Mr. Feinerman's debarment and will reevaluate whether to invoke the debarment process for Mr. Feinerman. If HUD initiates a debarment process for Mr. Feinerman, he will be afforded an opportunity to respond to any proposed debarment. Further, a hearing, if necessary, will be held, during which Mr. Feinerman can raise any arguments that he wishes the Department to consider.

Sincerely,

Henry S. Czauski

Henry S. Czauski
Debarring Official

Enclosure



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, D.C. 20410-0500

AUG 2 8 2008

Office of General Counsel
Departmental Enforcement Center

Lee Reno, Esq.
Reno & Cavanaugh, PLLC
1250 Eye Street, N.W.
Suite 900
Washington, DC 20005

Re: Ms. Constance Y. Buxton's Debarment under Docket Number 07-3443-DB

Dear Mr. Reno:

HUD voluntarily withdraws and remands for further consideration the March 31, 2008, Debarring Official's Determination issued to Ms. Constance Y. Buxton.

In order to compile a more complete record and to form a decision that reflects the facts, HUD hereby withdraws Ms. Buxton's debarment and will reevaluate whether to invoke the debarment process for Ms. Buxton. If HUD initiates a debarment process for Ms. Buxton, she will be afforded an opportunity to respond to any proposed debarment. Further, a hearing, if necessary, will be held, during which Ms. Buxton can raise any arguments that she wishes the Department to consider.

Sincerely,

Henry S. Czauski
Debarring Official

Enclosure

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
Leon J. Feinerman, et al.               )
              Plaintiffs,               )
                                        )
v.                                      )    Civil Action No. 08-759 (RBW)
Steven Preston,                         )    ECF
Secretary of Department of              )
Housing and Urban Development,          )
                                        )
              Defendant.                )
                                        )
_____)

## ORDER

Upon consideration of Defendant's Motion to Dismiss and for Voluntary Remand, and

the entire record herein, it is so **ORDERED** that:

Defendants' Motion to Dismiss and for Voluntary Remand be and is hereby GRANTED;

The Court's orders of June 12, 2008 and June 25, 2008 are hereby VACATED;

and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED

without prejudice.


It is **SO ORDERED** this _____ day of _____ 2008.

.

                                   _____
                                   HON. REGGIE B. WALTON
                                   United States District Judge